
FILED
2021 Nov-05 PM 03:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| A.S. and G.S., both minor children, by and through their parent, Adam Stephens, <br><br> Plaintiffs, <br><br> v. <br><br> HUNTSVILLE CITY BOARD OF EDUCATION, et al <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No.: 5:21-cv-1369-MHH

## DEFENDANTS' POST-HEARING SUBMISSION OF LEGAL AUTHORITY

COMES NOW, the Huntsville City Board of Education, Christie Finley, Elisa Ferrell, Beth Wilder, Carlos Mathews, Michelle Watkins, and Ryan Renaud (collectively, "Defendants"), and, as directed by the Court during the teleconference held on this matter on October 28, 2021, submits this Post-Hearing Submission of Legal Authority as to the issue of the prohibition on *pro se* plaintiffs from representing their minor children – including Adam Stephens in the present matter. As acknowledged by the Court during the October 28th teleconference, the filing of this submission does not in any way limit the Defendants' rights to file responsive pleadings pursuant to Rule 12 of the Federal Rules of Civil Procedure or waive any arguments or defenses the Defendants would otherwise have in this matter.

1

A.      **The Eleventh Circuit's Prohibition on Pro Se Representation of Minors**

In <u>Devine v. Indian River Cty. Sch. Bd.</u>, the Eleventh Circuit held "we are compelled to follow the usual rule—that parents who are not attorneys may not bring a *pro se* action on their child's behalf—because it helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents." <u>Devine</u>, 121 F.3d 576, 582 (11th Cir. 1997) *overruled in part on other grounds by* <u>Winkelman ex rel. Winkelman v. Parma City Sch. Dist.</u>, 550 U.S. 516, 535 (2007). Since the <u>Devine</u> case, the Eleventh Circuit confirmed this position:

> Individual parties in federal court generally "may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. The right to appear *pro se*, however, **is limited to parties conducting "their own cases," and does not extend to non-attorney parties representing the interests of others.** Consequently, we have held that "**parents who are not attorneys may not bring a *pro se* action on their child's behalf.**" <u>Devine v. Indian River Cnty. Sch. Bd.</u>, 121 F.3d 576, 581 (11th Cir. 1997) (explaining that while Rule 17(c), Fed.R.Civ.P., permits a parent to sue on behalf of a minor child, it does not permit a non-attorney parent to act as legal counsel for the child in such an action), *overruled in part on other grounds by* <u>Winkelman ex rel. Winkelman v. Parma City Sch. Dist.</u>, 550 U.S. 516, 535, 127 S.Ct. 1994, 2006–07, 167 L.Ed.2d 904 (2007).

<u>FuQua v. Massey</u>, 615 F. App'x 611, 612 (11th Cir. 2015) (emphasis added); <u>see also</u> <u>Whitehurst v. Wal-Mart</u>, 306 F. App'x 446, 448–49 (11th Cir. 2008) ("We also conclude that the district court committed no error in granting WalMart's motion to dismiss. The Whitehursts' complaint purports to assert claims for fraud and for negligence, on behalf of themselves as well as their son. As an initial matter, any

claim asserted on the son's behalf necessarily fails: . . . [because] a non-lawyer parent has no right to represent a child in an action in the child's name.").

Put simply: "[t]he Eleventh Circuit has never permitted a non-attorney parent to act *pro se* on behalf of their child." L.R. v. Leon Cty. Sch. Bd., No. 4:19-CV-00349-WS-MAF, 2020 WL 5899513, at *8 (N.D. Fla. Aug. 27, 2020), *report and recommendation adopted sub nom.* L.R v. Leon Cty. School Bd., No. 4:19CV349-WS/MAF, 2020 WL 5894151 (N.D. Fla. Oct. 2, 2020). And, district courts in the Eleventh Circuit regularly apply this longstanding precedent. See Crafton v. Effingham Cty. Sch. Bd. of Educ., No. CV421-268, 2021 WL 4691447, at *1 (S.D. Ga. Oct. 7, 2021) ("Although parties 'may plead and conduct their own cases personally,' 28 U.S.C. § 1654, it is generally the case that a parent, who is not an attorney, cannot pursue her child's case *pro se* . . . The purpose of this rule is to protect the child's interest in the claim; the concern is that a parent, however well-intentioned, untrained in the law will not be able to adequately prosecute the case."); B.E. through Stallworth v. Shelby Cty. Bd. of Educ., No. 2:20-CV-00526-AKK, 2020 WL 7129891, at *3 (N.D. Ala. Dec. 4, 2020) ("As an initial matter, contrary to Stallworth's contention otherwise, Federal Rule of Civil Procedure 17(c) does not permit a parent who is not an attorney to assert claims *pro se* on behalf of their minor children."); Withers v. Bradshaw, No. 20-CV-81336-RAR, 2020 WL 6144636, at *2 (S.D. Fla. Sept. 9, 2020), *appeal dismissed*, No. 20-13845-D, 2021 WL 1525484

(11th Cir. Mar. 3, 2021) ("Here, the Complaint does not allege Plaintiff suffered any injury. . . .Instead, it alleges Defendants injured Carver by using excessive force in executing an illegal search which violated her Fourth and Eighth Amendment rights. . . . Given that Plaintiff is not a real party in interest and cannot proceed *pro se* on behalf of Carver, the Complaint must be dismissed.").

## B.  Attempting to Procced Pro Se on Behalf of Minors is Grounds for Dismissal

As detailed above, the Eleventh Circuit prohibits parents, like Mr. Stephens, from representing their minor children. Moreover, such complaints are due to be, and are routinely, dismissed. See, e.g., L.R. v. Leon Cty. Sch. Bd., No. 4:19-CV-00349-WS-MAF, 2020 WL 5899513, at *8 ("to the extent Plaintiff seeks to represent K in this proceeding to pursue any claims of discrimination, harassment, constitutional violations, or de-enrollment, she is prohibited from representing him in this proceeding. **Accordingly, the case, as involving K, warrants dismissal.**") (emphasis added); B.E. through Stallworth v. Shelby Cty. Bd. of Educ., No. 2:20-CV-00526-AKK, 2020 WL 7129891, at *3 ("because Stallworth is not an attorney, the § 1983 claims Stallworth asserts on behalf of B.E. **necessarily fail and are due to be dismissed.**") (emphasis added).

When *pro se* plaintiffs fail to secure counsel to represent the interests of third parties, such as their minor children, courts have viewed this deficiency as tantamount to a lack of subject matter jurisdiction requiring a court to dismiss the

4

action pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. See Withers v. Bradshaw, No. 20-CV-81336-RAR, 2020 WL 6144636, at *1–2 ("A party invoking federal jurisdiction bears the burden of establishing standing, which requires the plaintiff to have 'suffered an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized, ... and (b) actual or imminent, not conjectural or hypothetical.' . . . Here, the Complaint does not allege Plaintiff suffered any injury. . . . **Given that Plaintiff is not a real party in interest and cannot proceed pro se on behalf of Carver, the Complaint must be dismissed.**") (emphasis added). The Crafton Court, cited above, summarized this issue in its opinion:

> To determine whether a plaintiff has standing to sue, courts look to three elements: (1) injury in fact; (2) causation; (3) redressability. Hays, 515 U.S. at 743. The injury-in-fact element requires "an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Id. Crafton has alleged that the defendants' actions in implementing a mask mandate, thereby requiring her children to wear masks to school, has harmed her children. See doc. 1 at 6. She has not alleged any personal harm arising from the defendants' actions. See generally doc. 1. A litigant, like Crafton, can only assert her own legal rights and interests and "may not ordinarily rely on the rights and interests of third parties." Harris v. Evans, 20 F.3d 1118, 1121 (11th Cir. 1994).
> 
> . . .
> 
> At present, it appears that Crafton's complaint **is subject to dismissal for lack of subject matter jurisdiction**, see Fed. R. Civ. P. 12(h)(3), as it is not clear that she has standing in her own right, and she may not represent her children *pro se*. . . . She is advised that, if she proceeds *pro se*, any claims asserted on behalf of her children in the Amended Complaint may be subject to dismissal.

Crafton v. Effingham Cty. Sch. Bd. of Educ., No. CV421-268, 2021 WL 4691447, at *1–2 (emphasis added).

## C. Conclusion

As per the Court's request, the Defendants submit this discussion of relevant legal authority. Recognizing that the Plaintiff is currently proceeding *pro se*, the Defendants have included copies of the critical cases cited herein as Exhibits 1-7 to this submission.

/s/ Christopher M. Pape
Christopher M. Pape
Taylor P. Brooks
Zachary B. Roberson

*Attorneys for Defendants*
*Huntsville City Board of Education, Christie Finley, Elisa Ferrell, Beth Wilder, Carlos Mathews, Michelle Watkins, and Ryan Renaud*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have filed the foregoing upon with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Adam Stephens
>adamtstephens9470@gmail.com

Dated this the 5th day of November, 2021.

/s/ Christopher M. Pape