FILED

2021 Nov-15  PM 04:05
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| **A.S. AND G.S., both minor children,** ) | |
| **by and through their parent,** ) | |
| **Adam Stephens** ) | |
| ) | |
| **Plaintiffs** ) | |
| ) | |
| **v.** ) | **Case No.: 5:21-cv-1369-MHH** |
| ) | |
| **HUNTSVILLE CITY BOARD OF** ) | |
| **EDUCATION; CHRISTIE FINLEY** ) | |
| **in her individual capacity and in her** ) | |
| **official capacity as Superintendent** ) | |
| **of the Huntsville City Schools; and** ) | |
| **ELISA FERRELL, BETH WILDER,** ) | |
| **CARLOS MATHEWS, MICHELLE** ) | |
| **WATKINS, and RYAN RENAUD,** ) | |
| **all in their individual capacities and** ) | |
| **in their capacities as members of the** ) | |
| **Huntsville City Board of Education,** ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANTS' MOTION TO DISMISS
## <u>ALL CLAIMS ASSERTED BY PLAINTIFFS</u>

## **TABLE OF CONTENTS**

I.   PLAINTIFFS' COMPLAINT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **1**

   A.   <u>Parties</u>. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **1**

   B.   <u>Factual Allegations</u>. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **1**

   C.   <u>Claims Asserted</u>. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **2**

II.  ADAM STEPHENS CANNOT REPRESENT HIS
     CHILDREN *PRO SE* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **3**

III. THE COMPLAINT DOES NOT STATE A VIABLE CLAIM .. . . . . . . **4**

   A.   <u>The Complaint Does Not Allege a Plausible</u>
        <u>Due Process Claim</u>. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **4**

      1.   Procedural Due Process Claim. . . . . . . . . . . . . . . . . . . . . . **4**

      2.   Substantive Due Process Claim.. . . . . . . . . . . . . . . . . . . . **7**

      3.   Official Capacity Claims are Due to be
           Dismissed as Redundant . . . . . . . . . . . . . . . . . . . . . . . . . . **8**

      4.   Individual Defendants Have Qualified Immunity.. . . . . . . **9**

   B.   <u>Count II Does Not Allege a Plausible Claim and is Barred by</u>
        <u>Section 14 and State-Agent Immunity</u>. . . . . . . . . . . . . . . . . . . **12**

      1.   Article I, Section 14 of the Alabama Constitution. . . . . . **12**

      2.   The Board Has Section 14 Immunity . . . . . . . . . . . . . . . . **13**

      3.   The Individual Defendants Have Section 14 Immunity
           From Official Capacity Claims. . . . . . . . . . . . . . . . . . . . . **15**

4.    The Individual Defendants Have Section 14 Immunity From Individual Capacity Claims . . . . . . . . . . . . . . . . . . . . . 17

5.    The Individual Defendants Have State-Agent Immunity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

       a.    Alabama State-agent immunity law . . . . . . . . . . . . . 21

       b.    The burden-shifting process . . . . . . . . . . . . . . . . . . . 22

       c.    The individual defendants were performing a function which entitles them to State-agent immunity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

       d.    There is no plausible allegation that the individual defendants acted beyond their authority . . . . . . . . 24

IV.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Defendants Huntsville City Board of Education, Christie Finley, Elisa Ferrell, Beth Wilder, Carlos Mathews, Michelle Watkins, and Ryan Renaud (collectively "Defendants") move this Court to dismiss all claims asserted by Plaintiffs A.S. and G.S., both minor children, by and through their parent, Adam Stephens ("Plaintiffs").

## I.  PLAINTIFFS' COMPLAINT

### A.  <u>Parties</u>

Adam Stephens, who is not an attorney, brought this action *pro se* on behalf of his children, A.S. and G.S., who are students in Huntsville City Schools.  (Doc. 1, ¶¶ 1, 2). The Defendants in this action are the Huntsville City Board of Education ("the Board"), Superintendent Christie Finley, and Board Members Elisa Ferrell, Beth Wilder, Carlos Mathews, Michelle Watkins, and Ryan Renaud.  (Doc. 1, ¶¶ 3-9).  The Superintendent and Board Members (also referred to herein as "individual defendants") are sued both in their official and individual capacities. (Doc. 1, ¶¶ 4-9).

### B.  <u>Factual Allegations</u>

On or about July 26, 2021, at a meeting of the Board, Superintendent Christie Finley announced that students would be required to wear masks while in school buildings as part of the Board's COVID-19 protocol. (Doc. 1, ¶ 25).  Plaintiffs submitted an affidavit of Stephen E. Petty who purports to be an expert in the field of Industrial Hygiene.  (Doc. 1 at CM/ECG pages 6-10; Doc. 1-4).  Mr. Petty

contends that regular masks are ineffective in stopping the spread of COVID-19. (Id.).  Mr. Petty also opines that people who are forced to wear masks may possibly be harmed because  masks cause a decrease of oxygen saturation and an increase in carbon dioxide which could cause an increased heart rate and, sometimes, and an increase in blood pressure.  (Id.).  Plaintiffs also allege that school officials have not worn masks in public settings and that Defendants have a financial incentive for implementing a mask mandate because the school system could lose federal funds in the absence of such a mandate.  (Doc. 1 at CM/ECF pp. 5-6, 10).

### C.   <u>Claims Asserted</u>

The Complaint contains two Counts.  (Doc. 1 at CMECF pp.11-12).  In Count I, Plaintiffs assert a claim under Section 1983 for violation of "procedural due process."  Plaintiffs state that they have a "constitutionally protected interest in the benefits that come from not being subject to the Board's mask mandate, including the ability to pursue an education without being subjected to health risks that are not offset by any scientifically provable benefits."  (Doc. 1 at CM/ECF p. 11).  Plaintiffs specifically contend that "Defendants' implementation of the mask policy unlawfully deprives Plaintiffs of these and other constitutionally-protected interests without due process of law. . . [and that] such deprivation occurred without notice or meaningful opportunity to be heard as the Superintendent instated [sic] the mask mandate prior

to offering an opportunity for public discussion." (Id.).

Count II is labeled as "interference with constitutional and civil rights." (Doc. 1 at CM/ECF p. 11). The text of Count II contends that the Board's mask mandate violates several provisions of Article I of the Alabama Constitution. (Id. at p. 12).

The Complaint does not seek damages. (Doc. 1 at CM/ECF p. 13). Rather, it requests injunctive and declaratory relief enjoining the Defendants from implementing and enforcing the mask mandate, and declaring that the mask mandate violates federal and state Constitutional law. (Id.).

## II.   ADAM STEPHENS CANNOT REPRESENT HIS CHILDREN *PRO SE*

The Complaint contains claims asserted by Adam Stephens on behalf of his children, A.S. and G.S. (Doc. 1, ¶ 1). There are no claims asserted by Adam Stephens on his own behalf. (See Doc. 1). Adam Stephens is not an attorney.

The Eleventh Circuit has made clear that a parent may not bring claims on behalf of his or her child when proceeding *pro se*. FuQua v. Massey, 615 Fed.Appx. 611, 612 (11th Cir. 2015); Whitehurst v. Wal-Mart, 306 Fed.Appx. 446, 448-49 (11th Cir. 2008). When parents have attempted to represent their children *pro se,* District Courts within the Eleventh Circuit have held that such claims are due to be dismissed. See Crafton v. Effingham County School Board of Education, 2021 WL 4691447, *1-*2 (S.D. Ga. Oct. 7, 2021) (complaint is subject to dismissal for lack of subject

matter jurisdiction because parent cannot represent child); <u>B.E. through Stallworth</u> <u>v. Shelby County Board of Education</u>, 2020 WL 7129891, *3 (N.D. Ala. Dec. 4, 2020) ("because Stallworth is not an attorney, the § 1983 claims Stallworth asserts on behalf of B.E. necessarily fail and are due to be dismissed."); <u>Withers v.</u> <u>Bradshaw</u>, 2020 WL 6144636, *2 (S.D. Fla. Sept. 9, 2020) (holding that since parent is not a real party in interest and cannot proceed pro se on behalf of child, "the Complaint must be dismissed") ; <u>L.R. v. Leon Cty. Sch. Bd</u>, 2020 WL 5899513, *8 (N.D. Fla. Aug. 27, 2020) (finding that to the extent that *pro se* parent is pursuing claims of child, those claims are due to be dismissed).

For this reason, the Complaint is due to be dismissed.

## III.   THE COMPLAINT DOES NOT STATE A VIABLE CLAIM

### A.   <u>The Complaint Does Not Allege a Plausible Due Process Claim</u>

#### 1.   Procedural Due Process Claim

The Fourteenth Amendment prohibits a state from "depriv[ing] any person of life, liberty, or property without due process of law."  To establish a procedural due process claim, the Plaintiffs must allege facts sufficient to show: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process.  <u>Barr v. Jefferson County Barber Comm'n</u>, 250 F.Supp.3d 1245, 1255 (N.D. Ala. 2017).

The facts alleged in the Complaint do not demonstrate a constitutionally-protected liberty or property interest.  The Plaintiffs stated that they have a protected interest "in the benefits that come from not being subject to the Board's mask mandate, including the ability to pursue an education, without being subjected to health risks that are not offset by an scientifically provable benefits."  (Doc. 1 at CM/ECF p. 11).  There is no case law supporting the proposition that a school masking requirement violates students' liberty interest.  In fact, case law has rejected this argument.  As one court stated in rejecting this argument, parents "are not entitled to undermine the Government's public health efforts during a global pandemic by refusing to have their children comply with a school masking requirement." Oberheim v. Bason, 2021 WL 4478333, *4 (M.D. Penn. Sept. 30, 2021).

Courts have similarly rejected the argument that a school masking requirement deprives students of a property interest.  The Supreme Court has held that students have a legitimate entitlement to a public education as a property interest which is protected by the due process clause.  Goss v. Lopez, 419 U.S. 565, 574 (1975).  However, "a student's entitlement to a public education is not without limits." Oberheim, 2021 WL 4478333 at *5.  Students cannot dictate curriculum, classes, or policies.  Id.  "So long as administrative policies do not exclude a student from class, they do not implicate the property interest in public education."  Id.  Since a mask

mandate does not exclude students from school, it does not unlawfully deprive the students of a public education.  Id.; see also Miranda v. Alexander, 2021 WL 4352328, *3 - *4 (M.D. La. Sept. 24, 2021); P.M. by and through Maras v. Mayfield City School District, 2021 WL 4148719, *3 (N.D. Ohio Sept. 13, 2021).

Even if the mask requirement constituted a deprivation of a liberty or property interest, which it does not, the Plaintiffs have not alleged a constitutionally inadequate process. The only inadequate process alleged by Plaintiffs is the failure of Defendants to hold public comment before announcing the mask requirement. However, there is no due process right to public comment before a public body enacts a policy or requirement.  Even if a procedural due process violation did exist, such a claim will not be cognizable under Section 1983 if the state provides a remedy by which to remedy the alleged deprivation.  McKinney v. Pate, 20 F.3d 1550, 1563 (11th Cir. 1994).  Here, Plaintiffs have the ability to challenge the decision of the Defendants  in the state courts by filing a lawsuit claiming that the mask requirement exceeded their authority.  Therefore, since the state of Alabama provides an avenue to challenge the mask decision through its courts, the Plaintiffs have no actionable Section 1983 procedural due process claim.

For all of these reasons, the procedural due process claim fails as a matter of law.

### 2.     Substantive Due Process Claim

Even though Plaintiffs have not alleged a substantive due process claim in the Complaint, to the extent such a claim is inferred, it is due to be dismissed.  "Because students do not possess a fundamental right to attend school without wearing a mask or other face covering, the Plaintiffs' substantive due process claim is governed by the rational basis test." Oberheim, 2021 WL 4478333 at *8; see also Sonderman v. Ragsdale, 2021 WL 2024687, *2 (N.D. Ga. May 12, 2021) ("Rational-basis is the proper standard of review for the mask mandate.").  The requirement that students wear masks in school easily passes this test. The Defendants have a clear interest in promoting the health of the students, and there is a clear rational basis for taking steps to reduce the spread of COVID-19 in the midst of a pandemic.

A number of courts have recently considered the argument that a masking requirement is a violation of the students' right to substantive due process.  All have found that the masking requirement passes the rational basis test. Oberheim, 2021 WL 4478333 at *8 ("the Court finds that the Mask Mandate is rationally related to the legitimate interest in reducing the spread of COVID-19."); Miranda v. Alexander, 2021 WL 4352328, *4 (M.D. La. Sept. 24, 2021) ("[w]ith respect to Plaintiff's substantive due process argument, there is no fundamental constitutional right not to wear a mask."); P.M. by and through Maras v. Mayfield City School District, 2021

WL 4148719, *3 (N.D. Ohio Sept. 13, 2021) ("school mask mandates do not run afoul of the Fourteenth Amendment.");  Klaassen v. Trustees of Indiana University, 2021 WL 3073926, *40 (N.D. Ind. July 18, 2021) ("Indiana University has a legitimate interest in promoting the health and safety of its students.  And the masks and testing are rationally related to achieving those measures.").

For these reasons, Plaintiffs have not alleged an actionable substantive due process claim.

### 3.   Official Capacity Claims are Due to be Dismissed as Redundant

Even assuming for purposes of argument that Plaintiffs had alleged a viable due process claim, the official capacity claims are due to be dismissed because they are redundant to the claim against the Board.

The due process claims asserted through Section 1983 (Count I) are asserted against the Board and against Christie Finley, Elisa Ferrell, Beth Wilder, Carlos Mathews, Michelle Watkins, and Ryan Renaud in both their official and individual capacities. When a public official or public employee is sued in his or her official capacity, "the suit is simply another way of pleading an action against an entity of which an officer is an agent."  Busby v. City of Orlando, 931 F.2d 764, 776 (11th Circ. 1991).  Thus, "[w]hen suit is also filed against the [public employer], the court

should dismiss the individual defendant[s] in [their] official capacit[ies] as 'redundant and possibly confusing to the jury.'" McElroy v. City of Birmingham, 903 F.Supp.2d 1228, 1242 (N.D. Ala. 2012) (quoting Busby, 931 F.2d at 776). Here, "[b]ecause the real part[y] in interest" as to Plaintiffs' official capacity claims is "the government entit[y] and not the named officials," Plaintiffs' claims against these Defendants in their official capacities are inappropriate and should be dismissed. De Veloz v. Miami-Dade County, 255 F.Supp.3d 1222, 1239 (S.D. Fla. 2017).

### 4.   Individual Defendants Have Qualified Immunity

Even assuming for purposes of argument that Plaintiffs had stated a plausible due process claim, the individual defendants have qualified immunity from the Section 1983 due process claim in their individual capacities. "An official sued under § 1983 is entitled to qualified immunity unless it is shown that the official violated a statutory or constitutional right that was 'clearly established' at the time of the challenged conduct." Plumhoff v. Rickard, 134 S. Ct. 2012, 2023 (2014). As the Supreme Court has stated:

> An officer cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in [his] shoes would have understood that he was violating it, meaning that existing precedent . . . *placed the statutory or constitutional question beyond debate*. This *exacting standard* gives government officials breathing room to

> make reasonable but mistaken judgments by protect[ing]
> all but the plainly incompetent or those who knowingly
> violate the law.

City & Cnty. of San Francisco v. Sheehan, 135 S. Ct. 1765, 1774 (2015).

To be entitled to qualified immunity, the individual defendants must first establish that they were acting within the scope of their discretionary authority. Gaines v. Wardynski, 871 F.3d 1203, 1208 (11th Cir. 2017). The burden then shifts to the Plaintiffs to demonstrate that qualified immunity is not appropriate. Id. To do so, the Plaintiffs must demonstrate two things: (1) that the individual defendants violated their constitutional rights, and (2) that, at the time of the violation, those rights were clearly established in light of the specific context of the case, not as a broad general proposition. Id.

Broad statements of black letter law are insufficient to clearly establish law. Ashcroft v. al-Kidd, 563 U.S. 731, 742 (2011) ("The general proposition ... that an unreasonable search or seizure violates the Fourth Amendment is of little help in determining whether the violative nature of particular conduct is clearly established."); Belcher v. City of Foley, 30 F.3d 1390, 1400 (11th Cir. 1994) ("Law is clearly established by holdings, not by inferences from languages in opinions.").

Here, it is clear that the individual defendants were acting within the scope of their discretionary authority because it is only by virtue of their positions as

Superintendent and Board Members that they had the authority to implement a mandate that students wear protective masks. In fact, Plaintiffs' claims are premised on the existence of the individual defendants' discretionary authority. Plaintiffs allege that the individual defendants should have allowed public comment on the issue of a mask mandate and then should have refrained from implementing such a mandate. However, the individual defendants would not have the ability to take any of these actions if the law did not provide them the discretionary authority to do so. Thus, it is beyond dispute that the allegations against the individual defendants concern matters within their discretionary authority.

As discussed above, there is no plausible allegation that the individual defendants committed a constitutional violation. Moreover, there is no case law, much less authority from the Alabama Supreme Court, Eleventh Circuit Court of Appeals, or the United States Supreme Court which has held that implementing a mask mandate without allowing public comment is a violation of the students' right to due process. In fact, as discussed above, case law has been clear that the individual defendants' actions were not a violation of due process law. In the absence of clearly established law that the individual defendants' actions violate due process law, the individual defendants are entitled to qualified immunity.

**B.** **Count II Does Not Allege a Plausible Claim and is Barred by Section 14 and State-Agent Immunity**

Count II alleges that the Defendants' actions are contrary to the Alabama Constitution.   However, the mask mandate does not violate any Alabama Constitutional provision.  Moreover, the claims in Count II are barred by Section 14 and State-agent immunity.

### 1.   Article I, Section 14 of the Alabama Constitution

Article I, Section 14 of the Alabama Constitution provides that "[t]he State of Alabama shall never be made a defendant in any court of law or equity."  "The wall of immunity erected by § 14 is nearly impregnable."  Ex parte Board of Trustees of University of Alabama, 264 So.3d 850, 853 (Ala. 2018) (quoting Alabama Department of Corrections v. Montgomery County Commission, 11 So.3d 189, 191-92 (Ala. 2008)).  "Indeed, as regards the State of Alabama and its agencies, the wall is absolutely impregnable."  Id. (emphasis in original).  "Absolute immunity means just that - the State and its agencies are not subject to suit under any theory."  Id. "This immunity may not be waived."  Id. "Sovereign immunity is, therefore, not an affirmative defense, but a jurisdictional bar."  Id.  The jurisdictional bar of § 14 precludes a court from exercising subject matter jurisdiction over the State or a state agency. Id. "Thus, a complaint filed solely against the State or one of its agencies is

a nullity and is void <u>ab initio</u>."  <u>Id</u>.  "Any action taken by a court without subject-matter jurisdiction – other than dismissing the action – is void."  <u>Id</u>.

### 2.    The Board Has Section 14 Immunity

The Alabama Supreme Court has expressly held that local boards of education are agencies of the State entitled to absolute immunity under Article I, Section 14 of the Alabama Constitution.  <u>See</u> <u>Ex parte Montgomery County Board of Education</u>, 270 So.3d 1171, 1173 (Ala. 2018) (Because the local board of education is an agency of the state, it is entitled to Section 14 immunity from suit); <u>Ex parte Bessemer City Board of Education</u>, 143 So.3d 726, 728-29 (Ala. 2013) (city board of education has "absolute immunity" from state law claims); <u>Ex parte Phenix City Board of Education</u>, 109 So.3d  631, 632-33 (Ala. 2012) (local boards of education are agencies of the State entitled to absolute immunity under Section 14 of the Alabama Constitution); <u>Ex parte Boaz City Board of Education</u>,  82 So.3d 660 (Ala. 2011) ("the Board enjoys immunity, pursuant to Art. I, § 14, Ala. Const. 1901, from the tort claims alleged against it.").   Thus, the Huntsville City Board of Education is an agency of the State of Alabama entitled to Section 14 immunity.

As the Eleventh Circuit and numerous Alabama District Courts have acknowledged, the absolute immunity given to local boards of education by Article I, Section 14 of the Alabama Constitution extends to state law causes of action

asserted in federal courts. <u>See</u> <u>Walker v. Jefferson County Board of Education</u>, 771 F.3d 748, 754-55 (11th Cir. 2014) (contrasting the lack of Eleventh Amendment immunity possessed by local boards of education from federal causes of action with the immunity local boards of education possess from state law causes of action); <u>Worthington v. Elmore County Board of Education</u>, 160 Fed.Appx. 877, 883 (11th Cir. 2005) (acknowledging that the immunity provided by Article I, Section 14 of the Alabama Constitution extends to "municipal boards of education"); <u>Hurt v. Shelby County Board of Education</u>, 198 F.Supp.3d 1293, 1313 (N.D. Ala. 2016) (state law causes of action against a local board of education are barred by the Alabama Constitution); <u>Barnett v. Baldwin County Board of Education</u>, 60 F.Supp.3d 1216, (S.D. Ala. 2014) (local boards of education have absolute immunity from state law cause of action); <u>Shumate v. Selma City Board of Education</u>, 928 F.Supp.2d 1302, 1327-28 (S.D. Ala. 2013) (all state law causes of action against the city board of education are barred by Article I, Section 14 of the Alabama Constitution);  <u>Jeffers v. Russell County Board of Education</u>, 2008 WL 410621, *15 (M.D. Ala. Feb. 13, 2008) (local board of education has Section 14 immunity in federal court from state law claim of assault and battery);   <u>John Does v. Covington County Board of Education</u>, 884 F. Supp. 462, 466-67 (M.D. Ala. 1995) (local board of education is entitled to sovereign immunity in federal court from state law claims).

### 3.    The Individual Defendants Have Section 14 Immunity From Official Capacity Claims

"Not only is the State immune from suit under § 14, but the State cannot be sued indirectly by suing an officer in his or her official capacity." Ex parte Bessemer Board of Education, 68 So. 3d 782, 789 (Ala. 2011).  "The immunity afforded State officers sued in their official capacities, however, is not unlimited." Id.   The categories of actions which do not come within the prohibition of § 14 include:

> (1) actions brought to compel State officials to perform their legal duties; (2) actions brought to enjoin State officials from enforcing an unconstitutional law; (3) actions to compel State officials to perform ministerial acts; (4) actions brought against State officials under the Declaratory Judgments Act seeking construction of a statute and its application in a given situation; [and] (5) valid inverse condemnation actions brought against State officials in their representative capacity.

Alabama State University v. Danley, 212 So.3d 112, 123 (Ala. 2016) (internal citations omitted).  The final category of actions which are not prohibited by § 14 include:

> (6)(a) actions for injunction brought against State officials in their representative capacity where it is alleged that they had acted fraudulently, in bad faith, beyond their authority, or in a mistaken interpretation of law, and (b) actions for damages brought against State officials in their individual

-15-

> capacity where it is alleged that they had acted
> fraudulently, in bad faith, beyond their authority, or in a
> mistaken interpretation of law.

Id.

Plaintiffs' claims do not fall within the exceptions to Section 14 immunity for state officers.  The Complaint argues that mandating that masks be worn in school buildings violates the Alabama Constitution.  Plaintiffs cite Alabama Constitution Article I, Sections 1, 2, 35, and 36 in support of this argument.  Essentially, Plaintiffs argue that requiring children to wear masks violates the Constitutional guarantee of life, liberty, and the pursuit of happiness.  However,  there is no case law which holds that requiring children to wear masks in school buildings in the midst of a pandemic violates their right to life, liberty, and the pursuit of happiness.   To the contrary, school systems are charged with the protection of students and are given great leeway in taking measures to safeguard their health and safety.

Even if Plaintiffs' allegations fit one of the categories of exceptions, there is no plausible claim that the mask mandate is a violation of the Alabama Constitution as there is no legal support for the proposition that any constitutional provision prevents school officials from taking safety measures recommended by the Alabama Department of Public Health.  Because the Complaint contains no plausible claim, nor any exception to official capacity immunity, the claims are due to be dismissed.

-16-

### 4.     The Individual Defendants Have Section 14 Immunity From Individual Capacity Claims

In a number of recent decisions, the Alabama Supreme Court has held that state law claims asserted against state officials in their individual capacities are barred by the absolute immunity provided by Article I, Section 14 of the Alabama Constitution when the claims are, in effect, against the state agency.  Meadows v. Shaver, et al., 2020 WL 6815066, *3 (Ala. Nov. 20, 2020); Anthony v. Datcher, 321 So.3d 643, 655 (Ala. 2020); Barnhart v. Ingalls, 275 So. 3d 1112, 1125-27 (Ala. 2018).  A claim against a state official which is, in effect, against the state agency is barred by Section 14 absolute immunity *even if* the plaintiff alleges that the State officials acted fraudulently, in bad faith, beyond their authority, or in a mistaken interpretation of the law.  Barnhart, 275 So. 3d at 1125.

A claim against a State official individually is in effect, against the State agency, if the nature of the claim is such that the duty owed by the State official arises only because of his or her position as a state official.  Barnhart, 275 So.3d at 1126-27.  For example, in Barnhart, former employees of a state agency filed suit against state officials in their official and individual capacities alleging that the state agency failed to provide them paid leave and longevity bonuses in accordance with Alabama statutory requirements.  Id. at 1116-18.  The former employees asserted tort and

personal injury claims against the state agency officials in their individual capacities alleging that their actions constituted negligence, wantonness, and breach of their fiduciary duty.   Id. at 1118. The Barnhart Court held that the state officers were entitled to Article I, Section 14 absolute immunity from the negligence, wantonness, and breach of fiduciary duty claims brought against them in their individual capacities.  Barnhart, 275 So.3d. at 1125-27.  Specifically, the Barnhart Court held that:

> the [State] officers had no duties in their individual capacities to give effect to the benefit statute; rather, any duties they had in that regard existed solely because of their official positions in which they acted for the State. . . . Accordingly, the individual-capacity claims are, in effect, claims against the State that are barred by § 14.  The nature of the individual-capacities claims requires this holding, and any previous decisions of this Court containing language indicating that the State immunity afforded by § 14 cannot apply when monetary damages are being sought from state officers in their individual capacities – such as the dicta quoted above from Ex parte Bronner – are overruled to the extent they support that proposition.

 Barnhart, 275 So.3d at 1126-27.

The Alabama Supreme Court has applied the principles set forth in Barnhart in finding that individual capacity claims against State employees and officials are barred by Section 14 immunity.  In Anthony v. Datcher, 321 So.3d 643 (Ala. 2020), education employees sued the president of a two year college in both her official and individual capacities alleging that the president had not properly classified them,

-18-

resulting in a lower salary. Citing its decision in <u>Barnhart</u>, the Alabama Supreme

Court reversed the judgment against the president individually on the basis of Section

14 immunity since the duty to classify employees existed only as a result of the

president's official position.   <u>Anthony</u>, 321 So.3d at 655.

In <u>Meadows v. Shaver, et al.</u>, 2020 WL 6815066 (Ala. Nov. 20, 2020), the

plaintiff sued, among others, the circuit clerk of the county for negligence,

wantonness and false imprisonment because the circuit clerk failed to send

documentation to the Alabama Department of Corrections ("ADOC") concerning his

release from prison date, which resulted in his serving eight more months in prison

after he should have been released. The duties allegedly breached by the circuit clerk

were:

- to properly document the plaintiff's release date;
- to notify ADOC of the plaintiff's situation;
- to provide appropriate action based on the plaintiff's known release date and other records;
- to ensure that the ADOC received the necessary transcript with the sentence status as required by statute; and
- to train and supervise subordinate employees to send and ensure ADOC received the required transcript.

<u>Meadows</u>, 2020 WL 6815066 at * 3.   The <u>Meadows</u> Court held that these duties

"existed only because of [the circuit clerk's] State position" and are therefore barred

by Section 14 immunity pursuant to the precedent set forth in <u>Barnhart</u>.   <u>Id</u>.

For the same reasons as set forth in <u>Barnhart</u>, <u>Anthony</u>, and <u>Meadows</u>, the individual capacity claims against Christie Finley, Elisa Ferrell, Beth Wilder, Carlos Mathews, Michelle Watkins, and Ryan Renaud are barred by Article I, Section 14 of the Alabama Constitution.  A necessary element of each of the State law claims alleged by Plaintiffs is whether Board officials owed a duty to Plaintiffs in their individual capacities.  Plaintiffs allege that the Board officials are responsible for instituting a mask policy.  The Board officials have no legal authority or legal duty in their individual capacities to make decisions concerning whether to require students to wear masks.  Rather, the only reason the Board officials have this authority or duty arises solely out of their positions with the Board.

Since these  Board officials had no legal authority or duty in their individual capacities, the individual defendants are entitled to the absolute immunity provided by Article I, Section 14 of the Alabama Constitution from the claims asserted in Counts II.  <u>See</u> <u>Barnhart</u>, 275 So.3d at 1125-27.

## 5.    The Individual Defendants Have State-Agent Immunity

In addition to the absolute immunity provided by Section 14, the individual capacity claims against the individual defendants are also barred by State-agent immunity provided by <u>Alabama Code</u> § 36-1-12(c) and the principles set forth in <u>Ex parte Cranman</u>, 792 So.2d 392, 405 (Ala. 2000).

### a.   Alabama State-agent immunity law

"An officer, employee, or agent of the state, **including** but not limited to, **an education employee**, is immune from civil liability in his or her personal capacity when the conduct made the basis of the claim is based upon the agent's doing any of the following:

(1) Formulating plans, policies or designs.

(2) Exercising his or her judgment in the administration of a department or agency of government, including, but not limited to, examples such as:

> (a) Making administrative adjudications;

> (b) Allocating resources;

> (c) Negotiating contracts;

> (d) Hiring, firing, transferring, assigning, or supervising personnel.

(3) Discharging duties imposed on a department or agency by statute, rule, or regulation, insofar as the statute, rule or regulation prescribes the manner for performing the duties and the State agent performs the duties in that manner.

(4) Exercising judgment in the enforcement of the criminal laws of the state, including but not limited to, law enforcement officers' arresting or attempting to arrest persons.

(5) **Exercising judgment in** the discharge of duties imposed by statute, rule, or regulation in releasing prisoners, counseling or releasing persons of unsound mind, or **educating students**."

-21-

Alabama Code § 36-1-12(c) (emphasis added); Ex parte Cranman, 792 So.2d at 405.

However, a state official is not immune from civil liability in his or her personal capacity if: he or she acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law. Alabama Code § 36-1-12(d); see also Ex parte Cranman, 792 So.2d at 405.

### b.      The burden-shifting process

The Alabama Supreme Court has established a "burden shifting" process when a party raises the defense of State-agent immunity. Ex parte Trimble, 201 So.3d 1124, 1128 (Ala. 2016). In order to establish State-agent immunity, a state agent bears the burden of demonstrating that the plaintiffs' claims arise from a **function** that would entitle the State-agent to immunity. Id. "If the State agent makes such a showing, the burden shifts to the plaintiffs to show that the State agent acted willfully, maliciously, fraudulently, in bad faith, or beyond his or her authority. Id.

### c.      The individual defendants were performing a function which entitles them to State-agent immunity

The Plaintiffs' claims against the Defendants result from the decision to require students to wear masks in the school building. Both Alabama Code § 36-1-12(c) and Ex parte Cranman explicitly state that an education employee is entitled to State-agent immunity for exercising judgment in educating students.

This issue of whether "educating students" includes the function of supervision of students has repeatedly come before Alabama Supreme Court.  Each time this issue has arisen, the Alabama Supreme Court has found that the "education of students" includes supervising students and, therefore, the supervision of students is a function which entitles an education employee to State-agent immunity.  For instance in Ex parte Mason, 146 So.3d 9, 13-14 (Ala. 2013), the Alabama Supreme Court stated that:

> 'educating students' as described in Ex parte Cranman . . . includes not only classroom teaching, but also supervising and educating students in all aspects of the educational process. . . .  Because the conduct at issue in this case involves the exercise of discretion in supervising students, [defendant] has satisfied his burden of demonstrating that [plaintiff's] claims arise from his exercise of discretion while performing his duties as a bus driver in supervising students and that he is entitled to state-agent immunity.

See Ex parte Yancey, 8 So.3d 299, 305 (Ala. 2008) ("Educating students" includes the supervision of students); Ex parte Trottman, 965 So.2d 780, 783-86 (Ala. 2007); Ex parte Nall, 879 So.2d 541, 544 (Ala. 2003).

Because the Plaintiffs' claims are based on the alleged decisions of the Defendants with respect to supervising their activities at school, Alabama Supreme Court case law is clear and unambiguous that Plaintiffs' claims arise from a function that would entitle the individual defendants to State-agent immunity.

As a result, the burden shifts to the Plaintiffs to show that the individual defendants acted willfully, maliciously, fraudulently, in bad faith, or beyond their authority.  Ex parte Trimble, 201 So.3d at 1128.

> **d.    There is no plausible allegation that the individual defendants acted beyond their authority**

There is no allegation that the Defendants acted willfully, maliciously, fraudulently, or in bad faith.  Rather, Plaintiffs contend that the Defendants acted beyond their authority in implementing a mask mandate.  "A State agent acts beyond authority and is therefore not immune if the plaintiff demonstrates that she failed to discharge duties *pursuant to detailed rules or regulations such as those stated on a checklist*."  Ex parte Trimble, 201 So.3d 1124, 1128 (Ala. 2016) (emphasis added).

In this case, there are no detailed rules or regulations concerning whether school officials may require students to wear masks while at school.  The ADPH recommends that schools require masks.  The only alleged rule which Plaintiff contends was violated is the Alabama Constitutional provisions as set forth above.  However, these Constitutional provision are vague propositions of law which do not address or mention masks.  No reasonable argument could be made that these provisions are "detailed rules or regulations."  Thus, there is no plausible allegation that the individual defendants' actions violated the Alabama Constitution or that they

acted beyond their authority.

Accordingly, Christie Finley, Elisa Ferrell, Beth Wilder, Carlos Mathews, Michelle Watkins, and Ryan Renaud are entitled to State-agent immunity with respect to the individual capacity claims asserted against them in Count II.

## IV.   CONCLUSION

For the reasons stated herein, the Defendants' Motion to Dismiss is due to be granted and this case is due to be dismissed with prejudice.

/s/ Taylor P. Brooks_____
Christopher M. Pape
Taylor P. Brooks
Zachary B. Roberson

*Attorneys for Defendants*
*Huntsville City Board of Education,*
*Christie Finley, Elisa Ferrell, Beth Wilder,*
*Carlos Mathews, Michelle Watkins, and Ryan*
*Renaud*

OF COUNSEL
**LANIER FORD SHAVER & PAYNE P.C.**
Post Office Box 2087
Huntsville, Alabama 35804
(256) 535-1100
cmp@lanierford.com
tpb@lanierford.com
zbr@lanierford.com

-25-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have filed the foregoing upon with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Adam Stephens
adamtstephens9470@gmail.com

On this the 15th day of November, 2021.

/s/ Taylor P. Brooks
Of Counsel