# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| A.S. AND G.S., both minor children, by and through their parent, Adam Stephens<br><br>Plaintiffs<br><br>v.<br><br>HUNTSVILLE CITY BOARD OF EDUCATION; CHRISTIE FINLEY in her individual capacity and in her official capacity as Superintendent of the Huntsville City Schools; and ELISA FERRELL, BETH WILDER, CARLOS MATHEWS, MICHELLE WATKINS, and RYAN RENAUD, all in their individual capacities and in their capacities as members of the Huntsville City Board of Education,<br><br>Defendants. | Case No.: 5:21-cv-1369-MHH |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS ALL CLAIMS ASSERTED BY PLAINTIFFS

# TABLE OF CONTENTS

I. ADAM STEPHENS CANNOT REPRESENT HIS
   CHILDREN *PRO SE* .................................................. 1

II. THE COMPLAINT DOES NOT STATE A VIABLE DUE PROCESS
    CLAIM .......................................................... 2

   A. <u>The Complaint Does Not Allege a Plausible Procedural Due
      Process Claim</u> ............................................ 2

   B. <u>The Complaint Does Not Allege a Plausible Substantive Due
      Process Claim</u> ............................................ 3

III. PLAINTIFFS DO NOT ALLEGE VIABLE NINTH OR TENTH
     AMENDMENT CLAIMS ............................................. 5

IV. ALL CONSTITUTIONAL CLAIMS AGAINST THE
    SUPERINTENDENT AND BOARD MEMBERS ARE
    DUE TO BE DISMISSED .......................................... 6

V. PLAINTIFFS FAILED TO ALLEGE A PLAUSIBLE STATE LAW
   CLAIM .......................................................... 7

VI. CONCLUSION ..................................................... 8

CERTIFICATE OF SERVICE ............................................. 9

Defendants Huntsville City Board of Education, Christie Finley, Elisa Ferrell, Beth Wilder, Carlos Mathews, Michelle Watkins, and Ryan Renaud (collectively "Defendants") file this Reply Brief in Support of their Motion to Dismiss all claims asserted by Plaintiffs A.S. and G.S., both minor children, by and through their parent, Adam Stephens ("Plaintiffs").

## I. ADAM STEPHENS CANNOT REPRESENT HIS CHILDREN *PRO SE*

In the brief in opposition to the Defendants' Motion to Dismiss, Plaintiffs argue that the children do not need to actually experience physical harm before they can seek relief. (Doc. 12 at pp. 9-12). However, Plaintiffs cite no case law permitting Adam Stephens, a non-attorney, to represent his children pro se. The Eleventh Circuit has made clear that a parent may not bring claims on behalf of his or her child when proceeding *pro se.* FuQua v. Massey, 615 Fed.Appx. 611, 612 (11th Cir. 2015); Whitehurst v. Wal-Mart, 306 Fed.Appx. 446, 448-49 (11th Cir. 2008). Plaintiffs did not even attempt to address this argument or this case law. For this reason, this case is due to be dismissed. See e.g., Crafton v. Effingham County School Board of Education, 2021 WL 4691447, *1-*2 (S.D. Ga. Oct. 7, 2021); B.E. through Stallworth v. Shelby County Board of Education, 2020 WL 7129891, *3 (N.D. Ala. Dec. 4, 2020); Withers v. Bradshaw, 2020 WL 6144636, *2 (S.D. Fla. Sept. 9, 2020); L.R. v. Leon Cty. Sch. Bd, 2020 WL 5899513, *8 (N.D. Fla. Aug. 27, 2020).

## II. THE COMPLAINT DOES NOT STATE A VIABLE DUE PROCESS CLAIM

### A. The Complaint Does Not Allege a Plausible Procedural Due Process Claim

Plaintiffs base their procedural due process claim on the contention that the Board's Model Code of Conduct requires that each member "[m]ake decisions on policy matters only after full consideration at public board meeting" and that the Certificate of Attestation requires that each member "actively promote public support for the school system." (Doc. 12 at p. 13). Plaintiffs argue that the failure to hold public comment violates these requirements.

Plaintiffs' argument fails for a number of reasons. First, and most obvious, a requirement that the Board "promote public support for the school system" and "actively promote public support for the school system" does not mandate that public comment be held on every issue which comes before the Board. Plaintiffs cite no rule which actually requires public comment on any matter before the Board votes. Second, Plaintiffs provide no support for their argument that they have a right to due process before a mask mandate is implemented. Third, Plaintiffs falsely assume that a Model Code of Conduct or a Certificate of Attestation provides a right to process to students which the Board and/or its Superintendent and Board Members are required to follow.

In addition, Plaintiffs provide no case law to contradict the well-established principle that mask mandates do not violate students' right to due process. Oberheim v. Bason, 2021 WL 4478333, *4 (M.D. Penn. Sept. 30, 2021); Miranda v. Alexander, 2021 WL 4352328, *3 - *4 (M.D. La. Sept. 24, 2021); P.M. by and through Maras v. Mayfield City School District, 2021 WL 4148719, *3 (N.D. Ohio Sept. 13, 2021). Moreover, Plaintiffs provide no rebuttal to the argument that, even if there was a violation of procedural due process, they have no actionable claim because they have a state law remedy. McKinney v. Pate, 20 F.3d 1550, 1563 (11th Cir, 1994).

For these reasons, Plaintiffs' procedural due process claim is due to be dismissed.

### B. The Complaint Does Not Allege a Plausible Substantive Due Process Claim

Plaintiffs argue that the mask mandate violates the alleged fundamental right of parents to decide on the care and upbringing of their children and the alleged fundamental right of parents to raise their children without government intrusion. (Doc. 12 at pp. 14-15). Even assuming that these are fundamental rights upon which Plaintiffs may base a substantive due process claim, a mask mandate does not violate these alleged rights.

Requiring that students wear a mask at school does rise to the level of infringing on the ability of a parent to decide on the care and upbringing of his or her children. Rather, it is a merely a requirement implemented to promote the safety of students at school. The right of a parent to decide on how his or her child is raised does not trump a school system's ability to implement rules to protect student safety. For example, some parents may raise their children to believe that they should carry guns for self-protection at all times. However, this opinion on raising children would not trump the ability of a school to prohibit the carrying of guns on school property.

Plaintiffs are unable to cite any case law holding that mask requirements violate a student's right to substantive due process. Plaintiffs heavily rely on the case of Kanuszewski v. Michigan Dep't of Health and Human Services, 927 F.3d 396 (6th Cir. 2019). However, the Kanuszewski decision did not involve student masking. Rather, it was a case concerning the storage of student blood samples. There are a number of cases which hold that a mask mandate is not a substantive due process violation. Oberheim, 2021 WL 4478333 at *8; Miranda v. Alexander, 2021 WL 4352328, *4 (M.D. La. Sept. 24, 2021); P.M. by and through Maras v. Mayfield City School District, 2021 WL 4148719, *3 (N.D. Ohio Sept. 13, 2021); Klaassen v. Trustees of Indiana Univ., 2021 WL 3073926, *40 (N.D. Ind. July 18, 2021).

For these reasons, Plaintiffs have not alleged an actionable substantive due process claim.

## III. PLAINTIFFS DO NOT ALLEGE VIABLE NINTH OR TENTH AMENDMENT CLAIMS

In the Memorandum of Law in Opposition to the Defendants' Motion to Dismiss, Plaintiffs argue that they have viable Ninth and Tenth Amendment claims. (Doc. 12 at pp. 18-21). This argument fails for a number of reasons.

As an initial matter, Plaintiffs did not assert Ninth or Tenth Amendment claims in their Complaint. (See Doc. 12). Moreover, case law is clear that "the Ninth Amendment is not an independent source of rights in itself." Jones v. Mnuchin, 529 F.Supp.3d 1370, 1376 (S.D. Ga. 2021). "In fact, it is well-established that the Ninth Amendment standing alone houses no constitutional guarantee of freedom." Id.

The Tenth Amendment to the United States Constitution is clearly not applicable here. The Tenth Amendment states that all powers not delegated to the United States by the Constitution, nor prohibited by it to the states, are reserved to the States. Thus, the Tenth Amendment is a limitation on the powers of the federal government and has no applicability to a mask mandate implemented by a local board of education.

## IV. ALL CONSTITUTIONAL CLAIMS AGAINST THE SUPERINTENDENT AND BOARD MEMBERS ARE DUE TO BE DISMISSED

Even assuming that Plaintiffs had alleged a plausible Constitutional claim, all Constitutional claims against the Superintendent and Board Members are due to be dismissed.

Even assuming for purposes of argument that Plaintiffs had alleged a viable Constitutional claim under Section 1983, the official capacity claims are due to be dismissed because they are redundant to the claim against the Board. See Busby v. City of Orlando, 931 F.2d 764, 776 (11th Circ. 1991). Plaintiffs never addressed this argument in their opposition brief. (See Doc. 12).

In addition, the Defendants argued that all individual capacity claims asserted through Section 1983 against the Superintendent and Board Members are due to be dismissed because they have qualified immunity. Plaintiffs did not address the qualified immunity argument. In particular, Plaintiff failed to cite any clearly established law allegedly violated by the Superintendent and Board Members.

Therefore, all Section 1983 claims against the Superintendent and Board Members in their official capacities are due are due to be dismissed as they are redundant to the claims against the Board, and the individual capacity claims are barred by qualified immunity.

## V. PLAINTIFFS FAILED TO STATE A PLAUSIBLE STATE LAW CLAIM

Plaintiffs argue that the mask mandate violates two provisions of the Alabama Constitution. First, Plaintiffs contend that the mask mandate was adopted in a manner which violated their right to due process protected by Article 1, Section 13 of the Alabama Constitution. As with the federal due process clause, Plaintiffs take the position that the Huntsville City Schools Model Code of Conduct and Certificate of Affirmation require public comment before the Board may enact a mask mandate. For the same reasons as set forth above in addressing the federal procedural due process claim, this argument has no merit.

Moreover, Plaintiffs also argue that the mask mandate violates Article I, Section 36.04(a) of the Alabama Constitution which prohibits a law or rule from compelling anyone to participate in any health care system. This Alabama constitutional provision is not relevant to the mask mandate. There is no reasonable argument that a school mask mandate is a "health care system."

In their Motions to Dismiss, the Defendants argued that all state law claims are barred by immunity provided by Article I, Section 14 of the Alabama Constitution and by State-agent immunity. Plaintiffs did not even address these arguments.

For all of the reasons set forth by the Defendants, all state law claims are due to be dismissed.

## VI. CONCLUSION

The Defendants' Motion to Dismiss is due to be granted and this case is due to be dismissed with prejudice.

/s/ Taylor P. Brooks
Christopher M. Pape
Taylor P. Brooks
Zachary B. Roberson

*Attorneys for Defendants
Huntsville City Board of Education,
Christie Finley, Elisa Ferrell, Beth Wilder,
Carlos Mathews, Michelle Watkins, and Ryan
Renaud*

OF COUNSEL
**LANIER FORD SHAVER & PAYNE P.C.**
Post Office Box 2087
Huntsville, Alabama 35804
(256) 535-1100
cmp@lanierford.com
tpb@lanierford.com
zbr@lanierford.com

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing upon with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Adam Stephens
adamtstephens9470@gmail.com

On this the 8th day of December, 2021.

/s/ Taylor P. Brooks
Of Counsel